[Circuit Court of Mahoning County.]

PENNSYLVANIA CO. v. JOHN F. ALBURN.

Decided, October Term, 1901.

*Railways—Negligence—Proceedings in Error—Assignment of Errors—Sufficient for Purpose of Plaintiff in Error, When—Cause Reversed Twice Against Same Party on Weight of Evidence—Remedy of Defendant in Error—Negligence at a Railway Crossing Over a Country Road—Question of, Becomes One of Law, When—Sections 6716 and 6723 Relating to Transcripts, and 5306 Relating to Reversals on Weight of the Evidence.*

1. Where a transcript is sufficient to exhibit the errors complained of, it meets the requirements of Sections 6716 and 6723.

2. It is, therefore, unnecessary, where the plaintiff in error does not complain that the cause has been tried twice in the court below and the verdict set aside against the same party by the circuit court on the weight of the evidence, that he bring such facts into the record or transcript. If such facts become material parts of the record, it devolves upon the defendant in error to bring them into the record, either by cross-petition in error, or by answer setting them up as extrinsic facts why the plaintiff in error can not have the judgment reviewed on the weight of the evidence.

3. The amendment of Section 5306 (93 O. L., 217), providing that the circuit court shall not grant more than one new trial on the weight of the evidence, does not apply to a case pending prior to April 23, 1898.

4. A question of negligence becomes a matter of law when the circumstances and undisputed facts make it plain, that by the exercise of ordinary care in the use of his faculties the party injured might have avoided the injury.

5. It follows, therefore, that where one, having an unobstructed view of a railroad track for a distance of fourteen hundred feet, approaches within five feet of the track without seeing an approaching train, when the alarm whistle frightened his team, which sprang upon the track and he was struck by the train, it is the duty of the trial judge to say to the jury, as a matter of law, that the plaintiff was guilty of contributory negligence, and the verdict must be for the defendant.

VOORHEES, J.; DOUGLASS, J., and COOK, J., concur.

This case comes into this court on petition in error to review the judgment of the Common Pleas Court of Mahoning County.

Defendant in error, as next friend of Lafayette E. Alburn, a minor, brought this action to recover damages for personal injury to the minor, resulting in loss of service to the defendant in error, John F. Alburn, and for the destruction of the personal property of said defendant, in consequence of an accident which occurred on October 28, 1893.

Without going into detail of the allegations of the pleadings it will be sufficient to state that the third amended petition sets forth facts sufficient to constitute a cause of action; and the averments of the petition as to the want of care on the part of the plaintiff in error or care on the part of the son of defendant in error, are sufficient as against a demurrer.

The case has been tried twice at least, resulting at each trial in favor of the plaintiff below; and as often this court on review has set the judgment aside, on the ground that the verdict of the jury was not sustained by the evidence.

One of the contentions now is, that the circuit court, under Section 5306, Revised Statutes, as amended April 23, 1898 (93 O. L., 217), can not grant more than one new trial on the weight of the evidence. This presents the first question which is raised by the motion of defendant in error to dismiss the plaintiff's petition in error.

The ground upon which the motion is predicated, is, that the record does not contain a true and complete transcript of the proceedings in the case in the court below, in showing the various trials through which it has passed.

It is contended that the transcript should show affirmatively the number of times the case has been tried, and that if a complete record were here it would show that the case has been reviewed and reversed by this court two or more times on the weight of the evidence; and being so tried and reversed, the same court can not again review it upon the weight of the evidence; and the record not disclosing these facts, that there is a defect in the transcript, and for this reason the transcript does not meet the requirements of the law, that there should be a complete transcript of the record below filed with the petition in error.

Section 6716, Revised Statutes, provides that:

"The plaintiff in error shall file with his petition either a transcript of the final record or a transcript of the docket or journal entries, with such original papers or transcrips thereof as are necessary to exhibit the error complained of."

And the Supreme Court in construing this section in connection with Section 6723, Revised Statutes, in *Second National Bank of Bucyrus* v. *Moderwell,* 59 Ohio St., 221, held:

"If a paper writing filed in this court [Supreme Court] as such transcript, etc., is not sufficient to exhibit the error complained of, no amendment thereof or addition thereto can be made after the expiration of such period of six months. Where, however, such transcript, etc., is sufficient to exhibit the error complained of, but the certificate of the clerk of the circuit court or court of common pleas authenticating such transcript is materially defective, such certificate is amendable * * * after the expiration of such period."

The plaintiff in error does not complain that this cause has been tried twice in the court below and the verdict of the jury set aside by the circuit court on the weight of the evidence; that is not the plaintiff's complaint. Nor does the plaintiff ask that the judgment be reversed because the case has been tried and set aside twice by a reviewing court on the weight of the evidence against the same party. That is not the plaintiff's contention. Therefore, it is not necessary in determining whether there is error in the record, so far as this plaintiff in error is concerned, whether or not the cause was ever tried or reviewed before by this court.

If these facts as to former trials and reversals on the weight of evidence become material parts of the record, it would devolve upon the defendant in error to bring them into the record, either by cross-petition in error or by answer setting them up as extrinsic facts, as reasons why the plaintiff in error can not have the judgment reviewed on the weight of the evidence. *Collins* v. *Davis,* 32 Ohio St., 76.

If the record or transcript were defective as to extrinsic facts, but not defective in showing the errors complained of by plaintiff in error, they meet the requirements of Section 6717, Revised Statutes. The record in this case does show all the error com-

plained of by the plaintiff in error; therefore the motion to dismiss the petition in error is not well taken and is overruled.

But the court upon examination of the case, through an abundance of caution, think it best to have these facts brought into the record, namely, that this cause has been tried two or more times to a jury resulting in verdicts for plaintiff below, and upon error prosecuted to this court the judgments were reversed on the ground that the verdicts were against the weight of the evidence, and an order suggesting a diminution of record as to the former trials and the action of the reviewing court thereon will be made.

With these facts in the record an important question is presented, namely: Can the court review the verdict of the jury upon the weight of the evidence?

This depends as to whether or not the statute, Section 5306, as amended April 23, 1898 (93 O. L., 217), applies to this case. The section as amended reads as follows:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case."

Section 5306, Revised Statutes, before the amendment, was as follows:

"A new trial shall not be granted on account of the smallness of damages, in an action for an injury to the person or reputation, nor in any other action where the damages equal the actual pecuniary injury sustained."

The exact date when this action was commenced the record does not show, but from the third amended petition it appears that the accident occurred on October 28, 1893. If the accident occurred on October 28, 1893, the action must have been brought before April 23, 1898. It must have been brought within four years from the accruing of the cause of action. Therefore the action must have been commenced before the passage of the amendment to Section 5306, Revised Statutes.

Is the section as amended applicable to this case?

This act, being an amendatory one, must be construed in

connection with Section 79, Revised Statutes, which reads as follows:

"Section 79.    Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal; and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.''

According to the statute in force when the cause of action in this case accrued to the plaintiff below, and at the time the action was commenced, there was no limitation on the right or power as to the number of times a reviewing court might reverse a judgment, or grant a new trial on the weight of the evidence against the same party in the same case.    Therefore at the time this action was commenced there was a subsisting right to either party to have any judgment or judgments reviewed and reversed by the circuit court on the weight of the evidence, regardless of the number of trials and reversals had in the case.

There being no provision in the amendment to the section making it applicable to pending actions, etc., it follows that the statute in force when the action was commenced must govern this case, and it is to be tried and to be heard on review as if this amendment had not been enacted.    *Travelers Ins. Co.* v. *Myers,* 59 Ohio St., 332; *Chapman Mfg. Co.* v. *Taylor,* 61 Ohio St., 394.

Coming now to the merits of the case, the contention of plaintiff in error is, that by reason of negligence of the plaintiff's minor son, Lafayette E. Alburn, he, the son, was responsible for the injury he sustained, and by his failure to exercise ordinary care he was responsible for the accident and the serious results that followed to himself and to the property of plaintiff.    This raises two questions:

First.    Do the facts as shown by the record as to the negligence of the plaintiff's son, make the question of negligence one of law?

Second. If the question of negligence on the part of plaintiff's son should be regarded as one of fact for the jury, then is the verdict against the weight of the evidence?

Considering the questions in this order:

1. It is undisputed that where this accident occurred there was nothing to obstruct the view of Lafayette E. Alburn when he approached the railroad crossing at the time the accident occurred. The topography of the country, as described in the record, puts him in such a position and afforded him such opportunity, that if he, in the exercise of ordinary care, had looked and listened for the approach of a train he would have seen this train that caused the accident.

One about to pass over a railroad crossing has no right to assume that at any hour or moment he may attempt to cross the track, that no train will approach. He may know that a regular train is behind time; he may know that the time for its approach at the point of crossing has passed, yet that alone does not justify him in assuming there will be no train crossing over the highway at the moment he may have occasion to cross it. He must at all times exercise reasonable care, such care as is required of an ordinary prudent man, and use his faculties of hearing and seeing. He is not exempt from listening merely, he must look and listen; and if he fails to do either, and by reason of his so failing, injury results to him, it is his fault and he can not recover.

The law of the case is well settled by repeated decisions by the Supreme Court of our state; and some of the cases we will refer to.

In *Cleveland, C., C. & I. Ry. Co.* v. *Elliott,* 28 Ohio St., 340, the court held:

"It is the duty of a traveler upon 'the highway, when approaching a railroad crossing, to make use of his senses to ascertain if there is a train in the vicinity; and if, when in full possession of his faculties, he fails to see or hear anything, when a prudent man, exercising his eyes and ears, with ordinary care would have discovered a train in close proximity, and he is thereby injured, he is guilty of such negligence as will prevent a recovery. And that where the undisputed

facts show that by the exercise of ordinary care a party might have avoided injury, he can not recover."

Judge Wright, on page 352, says:

"Manifestly a plaintiff can not, with his eyes open, drive squarely into a train, which he sees and knows is before him, and then claim to recover because the bell was not rung nor the whistle sounded. Equally true is it, that if he could have seen the train, and could have avoided it by the exercise of orinary care, he can not recover. And if the circumstances were such that he could have known and ought to have known, the accident must be chargeable to his own fault. And we hold the rule to be that if, by the exercise of ordinary care, the plaintiff could have seen and avoided the train, the omission to whistle or ring alone is not such negligence on the part of the company as will justify a recovery."

The court cited with approval Wharton on Negligence, Section 382, where the author says:

" 'It is the duty of a person who attempts to cross a railroad to listen for signals, to notice all signs that may be put up as warnings, and to look up and down the road. It follows, therefore, that if a traveler by looking along the road could have seen an approaching train in time to escape, it will be presumed, in case of collision, that he did not look, or looking did not heed what he saw, and in such case the road under ordinary circumstances is not liable.'

"The same author (p. 384) says: 'Where a person knowingly about to cross a railroad track may have an unobstructed view of the railroad so as to know of the approach of a train a sufficient time to clearly avoid any injury from it, he can not, as a matter of law recover, although the railroad company may have been also negligent or have neglected to perform a statutory requirement.' "

In *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St., 66, the court, by Wright, J., on page 72, says:

"We think the law must now be considered as well settled that the traveler approaching a crossing must be upon the lookout for danger. Ordinary care requires that he must look and listen to see if a train is in the vicinity, and if he fails in this, it is not merely evidence of negligence to be considered by the jury, it is itself such negligence as will prevent a recovery."

Also on page 73, the court says:

"The evidence is clear that Rathgeb might have seen the train at any point less than three hundred feet from the crossing until he reached it, and seen it in time to have avoided a collision. Although he says he was near-sighted, still he stated that he could have seen a train for a distance of fifty rods, and his defect of vision was not such as to vary the principle.

"Being able to see, therefore, and the opportunity of seeing being presented, his failure to discover or to be aware of the approaching cars, we think, was not only evidence of negligence, but negligence itself, and sufficient to justify a verdict against him. And in other parts of the charge the court declined to say that the positive duty of the plaintiff was to look up along the track, but left it to the jury to determine whether it was incumbent upon him to do so or not. We think such directions do not meet the requirements of the case. The rule should be laid down in such clear terms that there can be no mistake in its application. This case is really disposed of by that of *Railroad* v. *Elliott*, 28 Ohio St., 340. In *The Cleveland, C. & C. R. R.* v. *Crawford*, 24 Ohio St., 631, the first clause of the syllabus is: 'Ordinary prudence requires that a person in the full enjoyment of the faculties of hearing and seeing, before attempting to pass over a known railroad crossing, should use them for the purpose of discovering and avoiding danger from an approaching train; and the omission to do so, without a reasonable excuse therefor, is negligence, and will defeat an action by such person for an injury to which such negligence contributed.' "

In the late case of *Wabash Ry. Co.* v. *Skiles*, 64 Ohio St., 458, the court, by Judge Davis, announcing the opinion, held that where an employe of a railway company whose duty requires him to cross a track in the yards or at his station, "will be held to the exercise of ordinary care in going from a place of safety upon or across railway tracks; and ordinary care requires that a person in the full enjoyment of the faculties of hearing and seeing, before attempting to pass over a railroad track, should use them for the purpose of discovering and avoiding danger from an approaching train; and an omission to do so, without reasonable excuse therefor, is negligence which will defeat an action by such person to recover damages for an injury to which such negligence contributed. Where such an employe without looking or listening, steps upon a railway track

from a place of safety on a platform, immediately after the passing of a train, and in front of and close to a backing switch engine, so that he is immediately struck and injured by such engine, he is guilty of contributory negligence and can not recover for the injury thus received.''

If a party looks and listens, and the circumstances and surroundings were such that if he had exercised these faculties he could not have discovered the threatened danger from the approaching train, then a different rule would apply, and there would be duties devolving upon the railroad company to be considered that do not arise in this case. To illustrate: If the location were such that by reason of obstruction in the way the party, even if he had exercised the caution of looking could not have seen an approaching train, then the question as to whether he listened or not would become important; and if the railroad company failed to use ordinary care in giving warning, by sounding a whistle, ringing a bell, or otherwise, such party might not be charged with negligence in attempting to cross the railroad. *Cleveland, C. & C. Ry. Co.* v. *Crawford,* 24 Ohio St., 631; *W. & L. E. Ry. Co.* v. *Suhrwiar,* 22 C. C., 560.

But suppose when such party approaches the crossing he listens, and hears no whistle, or bell, but there is a train in full view, approaching the crossing which he seeks to cross, could it be claimed that he would be exempt from using his faculty of seeing, when by looking he could have seen such train approaching, although it may not have made any noise, or given warning by a whistle or bell? We think not. *Cleveland, C., C. & I. Ry. Co.* v. *Elliott* and *Pennsylvania Ry. Co.* v. *Rathgeb, supra.*

Coming to a closer analysis of the facts of the case at bar, did plaintiff's son see this train approaching, or could he have seen it had he looked? He claims that when he was one hundred feet from the crossing he looked in both directions. The undisputed testimony is that at that distance from the crossing he could have seen a train coming from the west (the direction from which the train came which caused the injury), at least for a distance of fourteen hundred feet. The record shows that there was nothing to prevent his seeing the train if he had looked. Then it resolves itself into this condition of facts,

either he did not look when he was within a hundred feet of the crossing, or, if he did look, he must have seen the train coming. But not resting the case at this point, on the theory that different minds might possibly differ as to it being negligence *per se* or a question of law, on the ground or possibility, that at one hundred feet from the crossing, the train running at the speed it is claimed this train was running, may not have come within the space of fourteen hundred feet when he looked and listened as claimed at one hundred feet, the record shows that he moved on towards the crossing, his horses in a walk, and when he reached within twenty feet of the crossing he claimed that at that point he again looked and listened. Testing the case now under such conditions how does it stand. The situation of the country at this crossing, from the undisputed facts and admissions of the plaintiff's said son, are that he was familiar with this crossing. He knew its location, knew all about it, and with the opportunities he had of seeing, if he had looked, according to the undisputed testimony, he could have seen beyond the point of fourteen hundred feet when he was within twenty feet of the crossing. But he leaves this place and moves on towards the crossing. The excuse he offers for leaving this place of safety twenty feet from the crossing, is that he looked and listened and that he heard neither whistle nor bell. But if he looked he must have seen the train. He could not, from the testimony, when he was within twenty feet of the crossing, have looked without having seen the approaching train. At this distance he was in a place of safety, and if he moved on seeing the train coming, it was immaterial as to the speed of the train, or whether it whistles or not, because he is bound to look and listen, and if either faculty gives him warning, he must heed it. A man would be reckless to drive upon a railroad crossing, although he were deaf, if he saw an approaching train within close proximity. Therefore this party, from the circumstances and facts disclosed in the record, if he looked when he was within twenty feet of that crossing, he must have seen the approaching train; if he did not look, he was equally negligent. When he reached the point twenty feet from the crossing and the train was approaching within his view, as appears in the

record, he would then he reckless if he undertook to cross; and from these facts and circumstances we must find that he either looked and disregarded what he saw, or that he did not look, and, therefore, was careless and negligent in approaching, and as a matter of law can not recover.

But the plaintiff's son claims that he moved on until he got within five feet, of the crossing before he discovered the train, and his attention was first called to it by the sounding of the alarm whistle, and his team became unmanageable and sprang upon the track and he was injured. This would not relieve him from the charge of negligence.

Without spending more time upon the first branch of the proposition, the one that we think raises the vital question in this case, namely, that under the circumstances disclosed in the record it was the duty of the court to have said to the jury, as a matter of law, that upon the undisputed facts and according to plaintiff's own version of the transaction, Lafayette E. Alburn was guilty of negligence *per se,* and that it is not a question of fact where different minds might differ as to whether he was negligent or not, we hold, as a question of law, that the court below should have instructed the jury as requested in .the third instruction, by saying to the jury, as a matter of law, that upon the undisputed facts in the case said Lafayette E. Alburn was guilty of contributory negligence, and that the verdict must be for the defendant. *Cleveland, C., C. & I. Ry. Co.* v. *Elliott; Pennsylvania Ry. Co.* v. *Rathgeb; Wabash Co.* v. *Skiles, supra.*

2.   From the view taken by the court, that Section 5306, Revised Statutes as amended, does not affect this case, it is still open for consideration by a reviewing court upon the weight of the evidence.

If the case, as presented in the record, rested solely upon the weight of the evidence, notwithstanding the rule that a reviewing court should not reverse simply because it differs from the jury upon the facts, yet where there is substantially no evidence to support the verdict, or the verdict is manifestly against the weight of the evidence, in such case it is the duty of the reviewing court to set aside the verdict and judgment based

thereon. And this is the conclusion of the court, upon a review of the evidence, that the verdict is against the weight of the evidence.

Therefore, this cause is reversed and the judgment set aside, because it is contrary to law, and the verdict of the jury is against the manifest weight of the evidence.

*Carey & Mullins,* for plaintiff in error.

*James Kennedy,* for defendant in error.